UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No.**
-------------------------------------------------------------------------x
Amariv Perez

        Plaintiff,


   -against-

Allianceone Receivables Management, Inc.

        Defendant.
-------------------------------------------------------------------------x

# COMPLAINT

Plaintiff Amariv Perez ("Plaintiff"), by and through his attorneys, Michael Jay Ringelheim for RC Law Group, as and for her Complaint against Defendant Allianceone Receivables Management, Inc. ("Defendant"), respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 2201. The Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1692 *et seq*., commonly known as the Fair Debt Collections Practices Act ("FDCPA") and the Florida Consumer Collection Practices Act, section 559.55, Florida Statues, et. Seq ("FCCPA").

## PARTIES

4. Plaintiff is a resident of the State of Florida, County of Miami-Dade, residing at 8255 SW 152nd Ave, Apt 311, Miami, Florida, 33193.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and Fla. Stat section 559.55, with an address at 4850 E Street, Suite 300, Trevose, PA, 19053.

6. Defendant was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from Plaintiff ("Alleged Debt").

9. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Fla. Stat section 559.55(6).

10. On or around January 15, 2016 Defendant sent an initial contact notice to the Plaintiff.

11. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

    (1) the amount of the debt;

    (2) the name of the creditor to whom the debt is owed;

    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

    (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

12. The FDCPA further provides that if the consumer "notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

13. Although this letter contained the required language it also contained an offer to settle the debt that was set to expire within 27 days.

14. Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." Russell, 74 F.3d at 35 ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights ... violates the Act." Russell, 74 F.3d at 34.

15. This form of a firm expiring offer letter is deceptive and overshadowing as it does not truly afford the consumer their proper rights and ability to dispute since the least sophisticated consumer could believe a settlement offer on par with the current one may never arise again.

16. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA)**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

18. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

19. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION

### (Violations of the FCCPA-section 559.55)

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

21. Defendant violated section 559 of the Florida Statues for the failure to send an initial collection letter that provided proper opportunity for the Plaintiff to dispute the debt.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from the Defendant as follows:

   a)   For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

   b)   For statutory damages provided and pursuant to 15 U.S.C.  § 1692k(a)(2)(A);

   c)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

   d)   For statutory damages pursuant to section 559.77(2) Florida Statues;

   e)   Reasonable costs and attorney's fees pursuant to section 559.77(2), Florida Statutes and;

   f)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated:  November 16, 2016

                           Respectfully Submitted,
                   By:     /s/Michael Jay Ringelheim
                           Florida bar No.: 93291
                           mringelheim@gmail.com
                           RC Law Group, PLLC
                           285 Passaic Street
                           Hackensack, NJ, 07601
                           Telephone: (201) 282-6500 ext 254
                           Facsimile: (201) 282-6501