UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMARIV PEREZ,

      Plaintiffs,

v.                                                       Case No.: 1:16-CV-24799-DPG

ALLIANCEONE RECEIVABLES
MANAGEMENT, INC.,

      Defendants.

_____/

### **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, Defendant, ALLIANCEONE RECEIVABLES MANAGEMENT, INC. ("Defendant"), by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(c), and hereby files this Motion for Judgment on the Pleadings, and states the following in support thereof:

**I.**    **Factual Background / Procedural History.**

Plaintiff brings this action alleging Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq*, by sending a letter attempting to collect a debt which included, along with the statutorily required notices, an offer to settle the debt that was set to expire within 27 days ("Collection Letter"). More specifically, Plaintiff alleges the Collection Letter violates various provisions of the FDCPA and FCCPA as:

- The Collection Letter was "deceptive and overshadowing as it does not truly afford the consumer their proper rights and ability to dispute since the least sophisticated consumer could believe a settlement offer on par with the current one may never arise again." *See,* DE 1 at ¶ 15.

- Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C.

§§ 1692g, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1). *Ibid.* at ¶ 18.

- "Defendant violated section 559 of the Florida Statues [sic] for the failure to send an initial collection letter that provided proper opportunity for the Plaintiff to dispute the debt." *Ibid.* at ¶ 21.

Through the instant Motion, Defendant seeks dismissal of Plaintiff's Complaint as Plaintiff has failed to state a claim upon which relief may be granted.

**II.     Legal Standard.**

Pursuant to Federal Rule of Civil Procedure 12(c), after the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings. Fed.R.Civ.P 12(h)(2) permits the defense of failure to state a claim upon which relief can be granted to be raised in a motion for judgment on the pleadings. For purposes of a Rule 12(c) motion for judgment on the pleadings, all well-pleaded allegations of the claim or counterclaim must be accepted as true. Upon motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), the court must follow the same standards applicable to a motion under Rule 12(b)(6). *Sheppard v. Beerman,* 18 F.3d 147, 150 (2d Cir.), *cert. denied,* 513 U.S. 816, 115 S.Ct. 73, 130 L.Ed.2d 28 (1994).

In determining whether dismissal is proper for a plaintiff's failure to state a claim upon which relief may be granted, the court must accept all allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant. *Shechter v. Comptroller of the City of New York,* 79 F.3d 265, 270 (2d Cir.1996). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (U.S. 2009).

### III. Arguments.

#### a) The FDCPA claims must be dismissed as no plausible inference of wrongdoing can be drawn from the mere existence of a discounted settlement offer prior to the expiration of the 30 day validation period.

Plaintiff does not allege (nor could she allege) that the Collection Letter at issue failed to contain all FDCPA-mandated disclosures. In fact, Plaintiff explicitly admits that the Collection Letter at issue "contained the required language." *See,* DE 1 at ¶ 13. Instead, Plaintiff's claims for FDCPA violations are predicated exclusively on the allegation that the Collection Letter "contained an offer to settle the debt that was set to expire within 27 days… [which could cause] the least sophisticated consumer… [to] believe a settlement offer on par with the current one may never arise again." *Ibid.* at ¶¶ 13-15. As a result, according to Plaintiff, the Collection Letter was deceptive as it overshadowed Plaintiff's right to a full 30 days in which to dispute the validity of the debt. *Ibid.* at ¶ 11-12.

The FDCPA requires debt collectors make certain disclosures and refrain from engaging in abusive or deceptive practices when communicating with consumers in an attempt to collect a debt. The FDPCA does not prohibit debt collectors from making settlement offers and "the question whether a particular communication [under the purview of the FDCPA] is a permissible settlement offer… may be resolved at the pleading stage where—read from the perspective of 'least sophisticated consumer'—no plausible inference of wrongdoing can be drawn from the face of the correspondence at issue and the well-pled allegations of the complaint." *Vazquez v. Prof'l Bureau of Collections of Maryland, Inc.*, 616CV1533ORL37TBS, 2016 WL 6822480, at *2 (M.D. Fla. Nov. 18, 2016). In the instant case, Plaintiff's FDCPA claims fail to state a cause of action as no plausible inference of wrongdoing can be drawn from

the mere existence of a discounted settlement offer prior to the expiration of the 30 day validation period.

In support of her position, Plaintiff cites *Russell v. Equifax A.R.S.*, 74 F.3d 30 (2d Cir. 1996). *Ibid.* at ¶ 14. Plaintiff's reliance on *Russell* evidences a misunderstanding of the law as it relates to the facts of this case. *Russell* involved a debt collector's validation notice that threatened to credit report the consumer's account unless the consumer paid the account in full within 10 days. *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996). The *Russell* court found that "the validation notice… was contradicted and overshadowed by the warning… that the collection would be posted to Russell's file unless she chose not to dispute it *and* paid it within the next 10 days." *Id.* (emphasis in original).

However, subsequent rulings from the Eastern District of New York have expressly distinguished *Russell*'s demand for full payment from collections letters which, like the Collection Letter in this case, offer a discounted settlement prior to the expiration of the validation period. Specifically, the same type of discounted settlement offer was considered in *Harrison v. NBD Inc.* and the court found:

> The fact that the discount offer expires before the thirty day validation period does not provide evidence of overshadowing. If a debtor chooses to reject the discount offer, at worst, she or he would be liable for the original amount of the debt. Consequently, the Court concludes that the least sophisticated consumer would not construe NBD's discount offer as overshadowing or contradicting the validation notice.

*Harrison v. NBD Inc.*, 968 F. Supp. 837, 848 (E.D.N.Y. 1997). *See also Omogbeme v. Risk Mgmt. Alternatives, Inc.,* 2003 WL 21909773, at *3 (E.D.N.Y. Aug. 4, 2003)(finding that a validation notice containing a settlement offer for forty-nine percent of the amount owed, even though expiring before the 30 day validation period, did not violate the FDCPA).

Unlike *Russell*, the Collection Letter in this case neither demands full payment nor threatens adverse consequences prior to the expiration of the validation period. Instead, like *Harrison* and *Omogbeme*, the instant Collection Letter made a discounted settlement offer which, at worst, would leave Plaintiff liable for the original amount of the debt if it expired prior to Plaintiff's acceptance. As a result, the discounted settlement offer did nothing to overshadow Plaintiff's right to dispute the validity of the debt.

To further demonstrate that Plaintiff's right to dispute the debt was not overshadowed, the law is clear that a discounted settlement offer is permissible even *after* a consumer disputes the validity of a debt. In *Vasquez v. Professional Bureau of Collectors of Maryland, Inc.,* the Middle District of Florida considered a situation where the debt collector sent a discounted settlement offer to the consumer *after* the consumer provided written notice that the debt was disputed. *Vazquez v. Prof'l Bureau of Collections of Maryland, Inc.*, 616CV1533ORL37TBS, 2016 WL 6822480 (M.D. Fla. Nov. 18, 2016). The *Vasquez* court found that an "unequivocal and non-coercive offer to settle a disputed debt for a definite reduced amount is a 'specified' remedy 'ordinarily invoked' by a debt collector [and] recognized as exception to [the FDCPA] prohibition on debt collectors from communicating with consumer [after the consumer disputes the debt]." *Id.* at 2. Therefore, the *Vasquez* court dismissed the complaint as "even the least sophisticated consumer would read the [discounted settlement offer] as an actual invocation of a specified remedy [and] the Complaint itself includes no well-pled factual allegations that Defendant engaged in any allegedly wrongful conduct." *Id.* at 3.

To be clear, in the instant case, Plaintiff does not allege that she provided any response to the 30 day validation notice much less that she actually disputed the debt. Instead, Plaintiff merely alleges that the existence of a reduced settlement offer which expired before the 30-day

validation period precluded her "ability to dispute since the least sophisticated consumer could believe a settlement offer on par with the current one may never arise again." *See,* DE 1 at ¶ 15. To that end, the *Vasquez* holding is instructive as the Middle District of Florida determined that a discounted settlement offer does not violate the FDCPA *even after* a consumer exercises their right to dispute the validity of the debt.

Finally, Plaintiff's assertion that validation notices must not contain reduced settlement offers is at odds with the language and purpose of the FDCPA. "A debt collector should be able to make settlement offers because they are advantageous to debtors who desire to erase their outstanding debts at discounted rates, and also to debt collectors who seek to collect debts without resorting to litigation… [p]rohibiting debt collectors from extending settlement offers would be contrary to the purpose of the FDCPA." *Gully v. Van Ru Credit Corp.*, 381 F. Supp. 2d 766, 769 (N.D. Ill. 2005); *see also Lewis v. ACB Bus. Servs., Inc.,* 135 F.3d 389, 399 (6th Cir.1998)(forbidding settlement offers "would force honest debt collectors seeking a peaceful resolution of the debt to file suit in order to advance efforts to resolve the debt-something that is clearly at odds with the language and purpose of the [Act].").

As demonstrated, the law is clear that no plausible inference of wrongdoing can be drawn from the mere existence of a discounted settlement offer prior to the expiration of the 30 day validation period. As such, Plaintiff's FDCPA allegations must be dismissed as a matter of law.

> **b) The FCCPA claims must be dismissed as Plaintiff fails to identify any specific provision of the FCCPA alleged to have been violated.**

In Florida, "both acts [FDCPA and FCCPA] generally apply to the same types of conduct." *Read v. MFP, Inc.*, 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012). However, Florida law is clear that "to successfully assert a claim under the FCCPA, a plaintiff must allege a violation of a

specific provision of the FCCPA—not a violation of the FDCPA. *Id.* at 1155. With regards to Plaintiff's FCCPA in Count II, Plaintiff only makes the nebulous assertion that "Defendant violated section 559 of the Florida Statues [sic] for the failure to send an initial collection letter that provided proper opportunity for the Plaintiff to dispute the debt." *See,* DE 1 at ¶ 21. In so doing, Plaintiff fails to cite (nor could she cite) to any specific provision of the FCCPA which requires a debt collector to send an initial collection letter providing the consumer the opportunity to dispute the debt.

Even if there were such a provision in the FCCPA, which there is not, "Florida courts must give 'great weight' to federal interpretations of the FDCPA when interpreting and applying the FCCPA." § 559.77(5); *Read v. MFP, Inc.*, 85 So. 3d 1151, 1153 (Fla. 2d DCA 2012). In this case, as demonstrated *supra*, Plaintiff's Complaint fails to allege a violation of the FDCPA as the mere existence of a discounted settlement offer that expires prior to the 30 validation notice does not establish a FDCPA violation. Since Plaintiff has failed to allege a violation of a specific provision of the FCCPA, Count II of Plaintiff's Complaint must fail as a matter of law.

**IV.     Conclusion.**

WHEREFORE Defendant ALLIANCEONE RECEIVABLES MANAGEMENT, INC. respectfully requests an Order from this Honorable Court GRANTING Defendant's Motion for Judgment on the Pleadings, to dismiss Plaintiff's Complaint and enter judgment in favor of Defendant.

Respectfully submitted by:

 /s/ Joseph C. Proulx
JOSEPH C. PROULX, ESQ.
Florida Bar No.: 0056830
DALE T. GOLDEN, ESQ.
Florida Bar No.: 0094080
**GOLDEN SCAZ GAGAIN, PLLC**

>                                    201 North Armenia Avenue
>                                    Tampa, Florida 33609-2303
>                                    Phone: (813) 251-5500
>                                    Fax: (813) 251-3675
>                                    jproulx@gsgfirm.com
>                                    dgolden@gsgfirm.com
>                                    **Counsel for Defendant**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 2, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served this day on all counsel either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>                                     /s/ Joseph C. Proulx
>                                    JOSEPH C. PROULX, ESQ.
>                                    Florida Bar No.: 0056830
>                                    DALE T. GOLDEN, ESQ.
>                                    Florida Bar No.: 0094080
>                                    **GOLDEN SCAZ GAGAIN, PLLC**
>                                    201 North Armenia Avenue
>                                    Tampa, Florida 33609-2303
>                                    Phone: (813) 251-5500
>                                    Fax: (813) 251-3675
>                                    jproulx@gsgfirm.com
>                                    dgolden@gsgfirm.com
>                                    **Counsel for Defendant**